NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EVERGREEN SPECIALTIES, INC. : | |
| : | Civ. No. 06-1347 (GEB) |
| Plaintiff, : | |
| : | **MEMORANDUM OPINION** |
| v. : | |
| TIDEWATER FIBRE CORP. and : | |
| STEVE VENTO, : | |
| Defendants. : | |

**BROWN, Chief Judge**

    This matter comes before the Court upon the motion of defendants Tidewater Fibre Corp. and Steve Vento ("Defendants") for a motion to transfer venue pursuant to 28 U.S.C. §1404(a). The Court has reviewed and fully considered the parties' submissions and has decided the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion to transfer venue is granted.

**I. BACKGROUND**

    Plaintiff, Evergreen Specialities, Inc. ("Plaintiff"), filed its Complaint in the United States District Court, District of New Jersey against Defendants on March 20, 2006, alleging a breach of contract arising from the sale of certain goods by Defendants to Plaintiff. The goods at issue are described as "single stream materials," however, the parties have not agreed upon the definition of this term.[1]

---

[1] Defendants disagree with Plaintiff's use of "waste paper" and Plaintiff's definition of single stream materials set forth in the Complaint.

Defendants have ordered these types of materials from Plaintiff for approximately two years. Complaint, ¶¶ 1,11.  The goods at issue were ordered from Plaintiff in July and August 2005.  Id. at ¶ 12.  Plaintiff claims that eighty-six containers delivered by Defendants contained garbage and were unacceptable.  Id. ¶¶ 1, 13.  The materials at issue were collected in Virginia, the majority of which were collected in Virginia Beach, and were baled and loaded into containers at Defendants' Chesapeake Bay, Virginia facility.  Def's Aff., ¶ 4.  The containers were thereafter delivered to Plaintiff at a port located in Norfolk, Virginia.  Id. ¶ 3. The goods did not travel through New Jersey, did not originate in New Jersey and did not travel through a New Jersey port.  Id. ¶ 5.

Plaintiff's principal place of business is located in New Jersey. Pl.'s Aff., ¶ 1.  According to Plaintiff, the nature of the business relationship between Plaintiff and Defendants was generated through telephone solicitations by Defendant Vento on behalf of Defendant Tidewater. Id. ¶ 5. Defendant Tidewater's principal place of business is located in Virginia and Defendant Vento resides in Florida.  Complaint, ¶¶ 3, 4.  However, Defendant Vento joins in this motion to transfer to Virginia.

## II. DISCUSSION

### A. **Standard for Transferring Venue**

According to 28 U.S.C. § 1404(a),"[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The purpose of § 1404(a) is to "avoid the waste of time, energy and money and, in addition, to safe guard litigants, witnesses and the public against avoidable inconvenience and expense." Tischio v. Bontex, Inc., 16 F.Supp. 511, 518 (D.N.J. 1998); see also Richoh Co. Ltd. V. Honeywell, Inc., 817 F.Supp. 473 (D.N.J. 1993).

2

There are three factors to consider when determining whether to transfer a motion: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. Liggett Group Inc. v. Reynolds Tobacco Co., 102 F. Supp. 2d 518, 526 (D.N.J. 2000); Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The decision to transfer must incorporate "all relevant factors to determine whether on balance the litigation [will] more conveniently proceed and all the interests of justice will be better served by transfer to a different forum." Jumara, 55 F.3d at 879. Further, the decision must take into account whether the proposed transferee venue is one in which the case "might have been brought." 28 U.S.C. § 1404(a); Jumara, 55 F.3d at 879.

**B. The Instant Case Could Have Been Brought in the Eastern District of Virginia**

Because this case involves complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, 28 U.S.C. §1391(a) applies. Section 1391(a)(2) provides that a civil action may be brought in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." In order to determine where a substantial part of the events or omissions giving rise to a claim arise under §1391, the Court can consider: (1) the place of injury; (2) the "weight of contacts;" and (3) whether a substantial part of the events or omissions giving rise to the claim occurred in the district. Tischio, 16 F.Supp. at 516 (citing Eason v. Linden Avionics, Inc., 706 F.Supp. 311, 329 (D.N.J. 1989)).

In the case at bar, the goods at issue were collected and baled in Virginia, the majority in Virginia Beach. They were loaded into containers at Defendants' facility in Chesapeake, Virginia and then delivered to Plaintiff at the Norfolk, Virginia port. Plaintiff claims the containers were filled with inappropriate materials, therefore, the injury took place in Virginia. Defendant Tidewater

is also a Virginia corporation with its principal place of business in Chesapeake, Virginia. Plaintiff contends that New Jersey is the appropriate forum because Plaintiff was solicited for business by telephone in New Jersey by Defendants. However, the injury and a substantial part of the events giving rise to this claim occurred in the Eastern District of Virginia,[2] and Plaintiff could have brought the action in that jurisdiction.

### C. Private and Public Interests Weigh in Favor of Transferring the Instant Case

The analysis for transferring a civil action under §1404 is "flexible and individualized" and "must be made on the unique facts presented in each case." Piper Aircraft Co. V. Reyno, 454 U.S. 235, 249-50 (1981); Tischio, 16 F.Supp. 2d at 519. Transferring an action involves the consideration of both private and public interests. Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947); Tischio, 16 F.Supp. 2d at 519. Private interests include factors relating to the choice of forum of the plaintiff, the ease of access to sources of proof, availability of compulsory process over unwilling witnesses, the cost of attendance of willing witnesses, obstacles to a fair trial and the possibility of a jury view of the premises. Gulf Oil Corp., 330 U.S. at 508; Jumara, 55 F.3d at 879. Other private interests may include the preference of the defendant, whether the claim arose elsewhere and the location of books and records. Jumara, 55 F.3d at 879.

The private interest factors at issue in this action include Plaintiff's choice of forum, Defendants' preference of forum, and the convenience of access to sources of proof and witnesses. Plaintiff's choice of forum is of "paramount concern" in deciding a motion to transfer venue. Tischio, 16 F. Supp. 2d at 521 (quoting Ricoh Co., Ltd. v. Honeywell, Inc., 817 F.Supp. 473, 480

---

[2]The Norfolk Division of the Eastern District of Virginia includes Virginia Beach, Chesapeake and Norfolk. E.D.Va. L. R. 3.

(D.N.J. 1993). "Unless the balance is strongly tipped in favor of the defendant, the plaintiff's choice of forum should not be disturbed." Gulf Oil, 330 U.S. at 508; Richoh, 817 F.Supp. at 480. However, while the Plaintiff's choice of forum is considered presumptively correct, it is not dispositive. Lacey v. Cessna Aircraft Co., 862 F.2d 38, 44 (3d Cir. 1988); American Tel. & Tel. v. MCI Comm. Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1998). Deference can be curbed where a plaintiff chooses a forum with little connection to the operative facts of the lawsuit. Tischio, 16 F. Supp. 2d at 522. In this case, the connections to New Jersey include the location of Plaintiff's principal place of business and business contracts solicited by telephone within the State. The majority of the operative facts involved took place in Virginia, more specifically, the goods at issue were collected and delivered to Plaintiff in Virginia as they had been for the previous two years.

Next, the Court must consider Defendants' preference of forum. According to Defendants, Virginia is the preferred venue because the vast majority of evidence is located in Virginia, Defendant Tidewater's principal place of business is in Virginia and for approximately two years the parties did business together in Virginia. Further, Defendants contend that Virginia is a more convenient venue for access to sources of proof and witnesses. For example, these sources include relevant witnesses involved with the goods, the recycling process and the port. Defendant's employees with knowledge of the containers of goods are located in Virginia. The adjudication of this matter in New Jersey would require Defendants and most witnesses to travel to New Jersey. However, Plaintiff argues that while the events that gave rise to the Complaint took place in Virginia, Defendants came into New Jersey and solicited Plaintiff's business, therefore subjecting themselves to the New Jersey court system. Plaintiff claims that the parties' course of conduct is key to the resolution of this case and since its witnesses may include overseas customers who received

5

the goods at issue, there is no compelling reason why Plaintiff should be more inconvenienced in producing witnesses in Virginia than Defendants producing witnesses in New Jersey.

The public interest factors involved in this case include local interests and jury duty, court congestion, and the applicability of Virginia substantive law to this dispute. When evaluating public interest factors, the Court considers "the locus of the alleged culpable conduct...and the connection of the conduct to plaintiff's chosen forum." Lacy, 862 F.2d at 48. In this case, the alleged misconduct took place almost entirely outside of the State of New Jersey, as the goods at issue were loaded, baled and delivered to Plaintiff in Virginia. Akin to local interests, another factor to consider is jury duty. "The burden of jury duty ought not to be imposed upon the people of a community which have no relation to his litigation." Tischio, 16. F.Supp. 2d at 526. While Defendants claim that Virginia residents would have more interest in the resolution of this matter since the harm occurred within their state, Plaintiff contends that solicitation of business to a New Jersey corporation in New Jersey firmly ties this action to that forum.

Court congestion is another factor Defendants claim weighs in favor of transferring this case. Courts have considered this factor when transferring cases to jurisdictions where claims can be resolved more quickly. See, e.g. Job Haines Home for the Aged v. Young, 936 F.Supp. 223, 233 (D.N.J. 1996). The time frame for adjudication of matters in New Jersey is significantly longer, on average, than in Virginia. See Table C-10, United States Courts Median Time Intervals, available at http://www.uscourts.gov/judbus2005/appendices/c10.pdf. In addition, Defendants contend that Virginia substantive law applies to this claim. Plaintiffs do not address this issue in their brief, therefore, the record is incomplete regarding the choice of law issue. However, according to New Jersey conflicts-of-law principles, "the law of the state that has the most significant connections with

6

the parties and the action applies." Tischio, 16 F.Supp. at 527 (citing Gilbert Spruance v. Pennsylvania Mfgs., 134 N.J. 96, 102-103 (1993)). While it is not clear what substantive law will apply at this juncture, it appears that a substantial part of events took place in Virginia. Based on an evaluation of both private and public interests, these factors weigh in favor of transferring this case to the Eastern District of Virginia. Therefore, Defendants' motion to transfer venue is granted.

**III. CONCLUSION**

For the foregoing reasons, Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is granted. An appropriate form of order accompanies this Memorandum Opinion.


Dated: September 25, 2006

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.